DEPENDENTS OF W. W. CANTER, DECEASED, v. SURRY COUNTY BOARD OF
EDUCATION AND MARYLAND CASUALTY COMPANY.

(Filed 4 November, 1931.)

**Master and Servant F b—Where there is no causal relation between the
employment and the injury compensation is correctly denied.**

Where the evidence in a proceeding for compensation under the Work-
men's Compensation Act fails to disclose any causal relation between the
accident and the employment, compensation is correctly denied, it being
necessary that the injury should arise out of the employment to entitle the
injured employee to compensation.

APPEAL by dependents of plaintiff from *Shaw, J.,* at July Term, 1931,
of SURRY. Affirmed.

The hearing commissioner found the facts and the conclusion of law
was to the effect that W. W. Canter's dependents could not recover.
Upon appeal to the full Commission, the findings of fact and conclusion
of law before the hearing Commissioner were affirmed, denying com-
pensation. Appeal was taken to the Superior Court, and the judgment
of the court below is as follows: "It is ordered and adjudged and de-
creed that the judgment of the Industrial Commission is hereby in all
things confirmed and the petitioners in this cause are denied any com-
pensation in this action; and that the defendants, the board of education
and the Maryland Casualty Company, go without day." The dependents
of W. W. Canter, deceased, excepted, assigned error to the judgment as
signed, and appealed to the Supreme Court.

*Folger & Folger for dependents.*
*McMichael & McMichael for defendants.*

PER CURIAM. The only material exception and assignment of error
is to the testimony of Dr. M. S. Martin. We do not think it necessary
to pass upon the competency of this evidence.

Public Laws 1929, chap. 120, sec. 2(f), (Workmen's Compensation
Act) is as follows: " 'Injury' and 'personal injury' shall mean only
injury by accident arising out of and in the course of the employment,
and shall not include a disease in any form, except where it results
naturally and unavoidably from the accident." See, also, sec. 4.

On all the evidence appearing in the record, we think the death of
W. W. Canter, the employee of defendant Surry County Board of Educa-
tion, was not the result of an "injury by accident arising out of and in
the course of the employment." There was no causal relation between
the accident and the employment. The judgment below is
Affirmed.